IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STUART LEBOW,

    Plaintiff,

    v.                                  Case No.  05-2545-JWL

MEREDITH CORPORATION
d/b/a KCTV-5,

    Defendant.

_____

**MEMORANDUM AND ORDER**

Plaintiff is a television director for defendant Meredith Corporation d/b/a KCTV-5. In this lawsuit he alleges age discrimination, harassment, and retaliation. This matter is before the court on plaintiff's Motion for Review of Magistrate Judge's February 22, 2007 Order (doc. #58). Therein, plaintiff contends that the magistrate judge's order was in error insofar as it ordered plaintiff to produce to defendant (1) a detailed chronology of events prepared by plaintiff's attorney, and (2) plaintiff's attorney's engagement letter. For the reasons explained below, plaintiff's motion is denied.

**STANDARD OF REVIEW**

Magistrate judges may issue orders as to non-dispositive pretrial matters and district courts review such orders under a "clearly erroneous or contrary to law" standard of review. *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot*

*Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to factual findings, *see* 12 Charles Alan Wright et al., Federal Practice & Procedure § 3069, at 355 (2d ed. 1997) (and cases cited therein), and "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). By contrast, the "contrary to law" standard permits "plenary review as to matters of law." *See* 12 Wright et al., *supra*, § 3069, at 355; *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Computer Econ., Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) ("contrary to law" standard permits independent review of purely legal determinations by a magistrate judge); *Weekoty v. United States*, 30 F. Supp. 2d 1343, 1344 (D.N.M. 1998) (when reviewing legal determinations made by magistrate judge, standard of review is de novo).

## ANALYSIS

### I. Counsel's Chronology of Events

In defendant's motion to compel, defendant sought a detailed chronology of events related to this case and drafted by plaintiff's counsel. Plaintiff asserted that the chronology is work product whereas defendant asserted that the chronology was not work product, and that any work product protection was waived when plaintiff reviewed the chronology prior to testifying at his deposition. Magistrate Judge O'Hara held a hearing concerning the

motion during the final pretrial conference in this case, and also reviewed the chronology and other documents *in camera*. He concluded that the chronology was undoubtedly prepared by counsel in anticipation of litigation and is therefore generally subject to work-product protection, but that plaintiff waived that protection by using the chronology to prepare for his deposition. He stated that plaintiff testified at the final pretrial conference that he spent approximately two hours prior to his deposition reviewing the chronology in preparation for the deposition and that it was "crystal clear" that plaintiff's deposition testimony was influenced by his review of the chronology inasmuch as he relied on it to determine dates on which alleged discriminatory actions occurred. The magistrate judge concluded that production of the chronology is therefore necessary in the interests of justice to allow defense counsel to fully and fairly test plaintiff's credibility and memory as to events, and their dates of occurrence, that plaintiff is relying upon as the basis of his claim.

The magistrate judge correctly noted that Rule 612 of the Federal Rules of Evidence applies in the context of a pretrial deposition. *See Burns v. Exxon Corp.*, 158 F.3d 336, 342-43 (5th Cir. 1998); *Sporck v. Peil*, 759 F.2d 312, 317 (3d Cir. 1985); Fed. R. Civ. P. 30(c) ("Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence."). This rule provides as follows:

> [I]f a witness uses a writing to refresh memory for the purpose of testifying, . . . (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

Fed. R. Evid. 612.  By its very language, Rule 612 requires three conditions to be met before a party may obtain documents used by a witness prior to testifying: (1) the witness must use the writing to refresh his or her memory, (2) the witness must use the writing for the purpose of testifying, and (3) the court must determine that production is necessary in the interests of justice.  *See Sporck*, 759 F.2d at 317; *Butler Mfg. Co. v. Americold Corp.*, 148 F.R.D. 275, 277-78 (D. Kan. 1993).  The party must also show that the document actually influenced the witness's testimony.  *Butler Mfg. Co.*, 148 F.R.D. at 278.  A party must delve thoroughly into the circumstances in order to furnish an adequate basis to use Rule 612 as a tool to obtain disclosure of an otherwise protected document.  *Id.*

In this case, plaintiff contends that the magistrate judge erred in concluding that production is necessary in the interests of justice.  In support of this argument, plaintiff cites *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403 (D. Kan. 1998),[1] in which another magistrate judge in this district found that the interests of justice did not require production of a document the plaintiff reviewed during a break in her deposition.  Plaintiff relies on the magistrate judge's reasoning in *Hiskett* that "[j]ustice requires no finding of waiver and order of production of an otherwise privileged document, when the receiving party already has the information which will be revealed during production."  *Id.* at 408.  Plaintiff contends that defendant had available to it substantially similar information to that contained in the chronology because defendant had in its possession thousands of e-mails and documents

---

[1] Plaintiff also cites *Frontier Refining, Inc. v. Gorman-Rupp Co.*, 136 F.3d 695 (10th Cir. 1998), but *Frontier Refining* is inapposite because it did not involve Fed. R. Evid. 612.

4

which formed virtually the entire body of evidence that plaintiff's counsel used to create the chronology.

      The court disagrees with plaintiff's argument concerning the impact on this case of the court's holding in *Hiskett*. The magistrate judge's reasoning in *Hiskett* was simply based on a finding that the interests of justice would not be served by requiring production under the facts and circumstances of that case. This is not a case like *Hiskett* where the plaintiff did nothing more than review a document briefly during a break in a deposition. In this case, plaintiff spent two hours reviewing counsel's twenty-six page chronology and testified at the hearing during the final pretrial conference that it was the only document he reviewed in preparation for his deposition. Furthermore, Mr. Lebow testified in his deposition as to problems with memory and concentration due to his disability and the medication he takes for his disability. The magistrate judge thoroughly explored the extent to which Mr. Lebow relied on the document in testifying. He determined that it was "crystal clear" that plaintiff's deposition testimony was influenced by his review of the chronology and that production is necessary to allow defense counsel to fully and fairly test plaintiff's credibility and memory as to events. *See* Fed. R. Evid. 612 advisory committee notes to the 1972 proposed rules (noting the purpose of the rule is "to promote the search of credibility and memory"). This is not a case where defendant is using Rule 612 to go on a fishing expedition. *See Sporck*, 759 F.2d at 317 (noting the "interests of justice" requirement is designed to recognize that, even though a witness may review notes prior to testifying, the court should exercise discretion to guard against fishing expeditions among a multitude of papers a witness may

5

have used to prepare to testify). Under the facts and circumstances of this case, the court cannot find that the magistrate judge's finding that production of the chronology is necessary in the interests of justice is clearly erroneous or contrary to law. Accordingly, plaintiff's objections to production of this document are overruled.

## II.    Plaintiff's Counsel's Engagement Letter

Plaintiff also contends that the magistrate judge erred in ordering production of plaintiff's attorney's engagement letter because (1) it is not relevant nor likely to lead to the discovery of admissible evidence, and (2) defendant did not move for production of the letter in its motion to compel or in any discovery request. With respect to this engagement letter, the magistrate judge directed plaintiff to produce the document on the grounds that it is not privileged. The magistrate judge did not expressly consider in any amount of detail either of the arguments now raised by plaintiff. The court believes, however, that implicit in the magistrate judge's ruling is that the engagement letter is relevant and that defendant did seek production of the letter.

The magistrate judge stated in his ruling that "[d]efendant seeks plaintiff's counsel's engagement letter." Order (doc. #51), at 7. Indeed, defendant raised this issue in its reply brief in support of its motion to compel discovery. As defendant now points out in its memorandum in opposition to plaintiff's motion to review, the reply brief was its first filing after plaintiff belatedly filed his privilege log. The reply brief in which defendant specifically requested production of this document was filed on February 6, 2007. Judge O'Hara did not issue his order until more than a month later on March 22, 2007. During this

6

time period of more than a month, plaintiff did not seek leave to respond to defendant's argument that it was entitled to production of the engagement letter. Having failed to submit this argument to the magistrate judge for his consideration, this court will not now consider it. Accordingly, plaintiff's objection that defendant did not move for production of the letter in its motion to compel or in any discovery request is overruled.

As for plaintiff's argument that the engagement letter is not relevant, a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001). Here, defendant contends the engagement letter is relevant because Mr. Lebow was asked during his deposition when he retained his current counsel, an issue which is relevant to circumstances surrounding the preparation and timing of his filing of a charge with the KHRC. This argument persuades the court that the engagement letter is relevant to issues in this case. And, notably, plaintiff once again has not sought leave to file a reply brief to rebut defendant's argument that the document is relevant. Accordingly, plaintiff's objection that the engagement letter is not relevant is overruled.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Review of Magistrate Judge's February 22, 2007 Order (doc. #58) is denied.

**IT IS SO ORDERED** this 4th day of May, 2007.

7

s/ John W. Lungstrum<br>
John W. Lungstrum<br>
United States District Judge
